UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MORRELL, EDW805, | Case No. 17-cv-05560-CRB (PR) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| STATE OF CALIFORNIA, | (ECF No. 6) |
| Defendant(s). | |

Plaintiff, a pre-trial detainee at the Santa Clara County Jail, has filed a pro se complaint under 42 U.S.C. § 1983 alleging various wrongdoing in connection with his ongoing state criminal proceedings. Among other things, plaintiff alleges prosecutorial misconduct and ineffective assistance of counsel.

Plaintiff seeks dismissal of the state criminal proceedings and leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915. Based solely on plaintiff's affidavit of poverty, the application to proceed IFP (ECF No. 6) is granted.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

The court must abstain and dismiss plaintiff's action/request for dismissal of the state criminal proceedings because it is well-settled that a federal court may not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). There may be an exception to Younger abstention upon a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions," id. at 46, 53-54; however, there is no such showing or indication here. Plaintiff's action/request must be dismissed. See Juidice v. Vail, 430 U.S. 327, 348 (1977) (district court must dismiss action for declaratory or injunctive relief if it finds that Younger abstention is appropriate); Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988) (same).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

Dated: January 17, 2018

_____
CHARLES R. BREYER
United States District Judge